UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONIDAS LUCIEN,

                Plaintiff,

-against-

EMILY WILLIAMS, ACTING SUPERINTENDENT, FISHKILL CORRECTIONAL FACILITY; JOHN DOES 1-2, INDIVIDUAL & OFFICIAL CAPACITY, UNKNOWN EMPLOYEES OF THE DEPARTMENT OF CORRECTION ET. AL.,

                Defendants.

20-CV-8020 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

     Plaintiff, currently incarcerated in Fishkill Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants are holding him in custody beyond the maximum expiration date of his sentence. By order dated January 27, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis (IFP).[1]

## STANDARD OF REVIEW

     The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in pro se cases, *id*. at 475 (citation omitted), has its limits – to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.**     **Federal Rule of Civil Procedure 21**

Plaintiff alleges that Beverly Lockwood, Offender Record Coordinator, "failed to terminate unconstitutional practices and unlawfully abrogated [sic] Plaintiff's lawful

confinement, and [was] directly instrumental [in] infringing on Plaintiff's liberty therefrom." (ECF No. 1 at 3.) The Clerk of Court is therefore directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add "Beverly Lockwood, Offender Record Coordinator" as a Defendant. This amendment is without prejudice to any defenses that this Defendant may wish to assert.

**B.      Service on Emily Williams, Acting Superintendent of Fishkill Correctional Facility, and Beverly Lockwood, Offender Record Coordinator**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Emily Williams, Acting Superintendent of Fishkill Correctional Facility, and Beverly Lockwood, Offender Record Coordinator, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C.   John Doe Defendants

Because Plaintiff does not make any allegations against the John Doe Defendants and does not supply sufficient information to permit the attorney for or agent of the Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a pro se litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the John Doe Defendants.

### D.   Request for Counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's request for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further directed to add "Beverly Lockwood, Offender Record Coordinator," as a Defendant pursuant to Fed. R. Civ. P. 21.

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Defendants Emily Williams, Acting Superintendent of Fishkill Correctional Facility, and Beverly Lockwood, Offender Record Coordinator, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court denies Plaintiff's request for counsel without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 17, 2021
         White Plains, New York

KENNETH M. KARAS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Emily Williams
   Acting Superintendent, Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508

2. Beverly Lockwood
   Offender Record Coordinator
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508