UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONIDAS LUCIEN,

                Plaintiff,

         -v-

EMILY WILLIAMS, ACTING
SUPERINTENDENT, FISHKILL
CORRECTIONAL FACILITY, *et al.*,

                Defendants.

No. 20-CV-8020 (KMK)

ORDER OF DISMISSAL

---

KENNETH M. KARAS, United States District Judge:

      On March 27, 2023, the Court issued an Opinion and Order granting Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Opinion & Order (the "MTD Opinion") (Dkt. No. 35).) In the MTD Opinion, the Court granted Plaintiff leave to file an amended complaint "to remedy the infirmities identified regarding th[e] claims dismissed without prejudice," explaining that he was required to do so "within 30 days[.]" (*Id.* at 27.) The Court also warned that "[i]f Plaintiff fail[ed] to abide by the 30-day deadline, the claims dismissed without prejudice may be dismissed with prejudice." (*Id.* at 28.) The next day, the Clerk of Court mailed a copy of the MTD Opinion to Plaintiff. (*See* Dkt. (entry for Mar. 28, 2023).) To date, Plaintiff has not filed an amended complaint. (*See generally* Dkt.) Indeed, on June 1, 2023, Defendants filed a letter with the Court noting that Plaintiff had not filed an amended complaint within 30 days of the MTD Opinion and encouraging the Court to dismiss this Action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). (Letter from Bahiya Lawrence, Esq. to Court (June 1, 2023) (Dkt. No. 37).)

On October 3, 2023, the Court issued an Order directing Plaintiff to "show cause, by no later than October 30, 2023, as to why this case should not be dismissed for failure to prosecute." (*See* Order to Show Cause 1 (Dkt. No. 42).) The Court made clear that it "may dismiss this case without further notice in the event that good cause is not shown." (*Id.* at 2.) The Clerk of Court mailed the Order to Show Cause to Plaintiff on October 5, 2023. (*See* Dkt. (entry for Oct. 5, 2023).)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

2

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *accord Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).  No single factor is dispositive.  *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action.  As an initial matter, Plaintiff has not communicated with the Court since May 6, 2022, when he responded to Defendants' Motion To Dismiss.  (*See* Pl's Mem. of Law in Opp'n to Mot. To Dismiss (Dkt. 33).)  Additionally, although Plaintiff was granted 30 days to amend his Complaint over seven months ago, (*see* MTD Opinion 27), he has failed either to do so or to otherwise contact the Court, (*see generally* Dkt.)  The Court warned Plaintiff that failing to amend his Complaint could result in dismissal of the case.  (MTD Opinion 28.)  Further, Plaintiff has also failed to respond to the Court's October 3, 2023 Order directing that he show cause as to why this case should not be dismissed for failure to prosecute, (*see generally* Dkt.), which also warned that the Court could dismiss the case in the absence of a response from Plaintiff, (Order to Show Cause 2).

Finally, the Court finds that no sanction less than dismissal will alleviate the ongoing prejudice to Defendants of continuing to keep this Action alleging serious constitutional violations—which has been pending for over three years—open.  *See Ruzsa v. Rubenstein &*

3

*Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2010) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."). In addition, the Court emphasizes that it needs to avoid calendar congestion and, more importantly, to ensure an orderly and expeditious disposition of all cases before it. Thus, although "[t]he Court affords [Plaintiff] special consideration as a pro se litigant[,] . . . a plaintiff's pro se status should not explain or excuse disregard for or abandonment of his own lawsuit." *Hardimon*, 2014 WL 2039116, at *2.

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but the plaintiffs failed to submit such a letter); *Lopez v. Cath. Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where the plaintiff "ceased to prosecute [the] action at all" for three months).

4

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's address, and to close this case.

SO ORDERED.

Dated: October 31, 2023
       White Plains, New York

                                              KENNETH M. KARAS
                                            United States District Judge